(22 Misc. Rep. 243.)

### HAYNE v. SEALY.

(Supreme Court, Special Term, Kings County. January 14, 1898.)

ASSIGNMENTS FOR CREDITORS—ASSIGNEE—PERSONAL REPRESENTATIVE.

The administrator of a deceased assignee for creditors does not succeed to the title and duties of the assignee, but succeeds only to his individual estate, since the general assignment statute provides for the appointment of a successor to the assignee; and, while it permits the personal representative of a deceased assignee to be made a party to an accounting suit under the assignment, it is only because he has to account for such of the assigned estate as has come into his hands from decedent.

Action by Henry Hayne against Thomas Sealy to restrain the use of a trade-mark. Judgment for defendant.

The trade-mark was owned by the firm of Blossom, Hayne & Co., of which the plaintiff was a member, and used in their business. They made a general assignment under the statute for the benefit of creditors in March, 1883. One of the creditors in behalf of himself and all other creditors brought in 1889 the usual suit for an accounting and distribution, and to have the assignee charged for losses, etc. The assignee thereafter died, and his administrator was substituted as defendant. No successor to the assignee was appointed. The suit went to judgment in December, 1897, and distribution was made thereunder. The assets were insufficient to pay the creditors in full. Pending such suit the said administrator conveyed the said trade-mark to the plaintiff's wife without consideration by a written instrument, dated October 19, 1896. This was done without any direction or subsequent approval of the court. After the said general assignment the plaintiff immediately continued to carry on the same kind of business as the said firm, with the word "agent" after his name a part of the time, all the while using the trade-mark in such business as apparent owner thereof, up to June 30, 1894, when he went into partnership with the defendant to carry on the same kind of business. By the written articles of co-partnership he transferred all the assets and rights of his business to the new firm. It was dissolved on June 21, 1897, and on the same day after the dissolution the plaintiff's wife assigned the said trade-mark to him, and he claims thereby to be the sole owner thereof.

A. J. Perry, for plaintiff.
Mark M. Schlesinger, for defendant.

GAYNOR, J. The administrator of the deceased assignee did not succeed to his title to the assigned estate. He only succeeded to his individual estate. At common law an executor of an executor succeeded to the latter's right, title, and duties as executor, excepting personal trusts; but the rule was not so in the case of administrators (2 Bl. Comm. 506; Perry, Trusts, §§ 264, 344); nor did an executor any more than an administrator succeed to the trusts of his testator which did not relate to his own estate. Under our statute there is no succession of executors as at common law. The surrogate appoints an administrator with the will annexed to succeed a deceased executor. There is no rule or analogy to support the claim that the title and duties of the assignee passed to his administrator. The general assignment statute provides for the appointment of a

successor.   It permits the executor or administrator of a deceased
assignee to be made a party to an accounting suit under the assign-
ment, but that is only because he has to account for and turn over
all of the money and effects of the assigned estate which come into
his hands from the possession of his decedent.

Judgment for defendant.